UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                              Case No.  16-20810
                                   HON.  GEORGE CARAM STEEH

TAKATA CORP.,

        Defendant,

Estate of Mary Lyon Wolfe           Case No.  21-mc-51040

        Interested Party.
_____/

OPINION AND ORDER DENYING CLAIMANT'S
MOTION FOR RECONSIDERATION (ECF NO. 1)

This matter was filed by Robert E. Lyon, Jr. ("Claimant"), on behalf of the Estate of Mary Lyon Wolfe, requesting that the Court reconsider its Order Approving the Special Master's Ninth Distribution of Individual Restitution Fund ("Order") (ECF No. 149)[1] as to Claim No. 90. As it relates to Claim No. 90, the Court overruled Claimant's Objection to the Special Master's determination that the aggressive deployment claim made on behalf of the Estate of Mary Lyon Wolfe should be denied. The Court does

---

[1] Citations to the Electronic Case File (ECF) in the body of the opinion and order refer to *U.S.A. v. Takata Corp.*, Case No. 16-cr-20810 (E.D. Mich. Feb. 28, 2017).

not believe that it will benefit from oral argument or an evidentiary hearing, as requested by Claimant. For the reasons given below, Claimant's motion for reconsideration is DENIED.

PROCEDURAL HISTORY

On February 15, 2008, Mary Lyon Wolfe was involved in a single-vehicle collision while driving a 2002 Honda Accord. Wolfe died on March 3, 2008 due to her injuries sustained during the collision. On August 12, 2018, Claimant submitted a wrongful death claim with the Takata Funds ("Claim No. 90" or the "Claim"). The Claim seeks compensation for an "overly aggressive deployment" of the Takata airbag inflator in Wolfe's vehicle. At the request of Claimant's attorney, the Special Master stayed the review of the Claim while the parties in Takata's bankruptcy case negotiated the standards and guidelines for evaluating aggressive deployment claims under the Takata Airbag Tort Compensation Trust Fund's ("TATCTF") Trust Distribution Procedures ("TDP"). The TATCTF parties considered and ultimately agreed to an interpretive guide to help inform the review of aggressive deployment claims.

The Special Master reviewed the Claim, as amended and supplemented, in January of 2021. In exercising the discretion given to him by the Revised Individual Restitution Fund ("IRF") Methodology, the Special

Master looked to the TDP procedures to guide his determination whether Claimant provided sufficient evidence to establish an aggressive deployment claim. Following this review, the Special Master issued a notification of denial on February 17, 2021. The denial notice informed the Claimant of the eligibility criteria, advising that "Aggressive deployment claims are eligible for compensation only if the Claimant demonstrates the following: 1) a delayed deployment of a Takata PSAN dual-stage inflator; 2) over-pressurization of the inflator; and 3) enhanced physical injuries caused by interaction with the airbag as it was deploying." The notice went on to state that the Claim was denied because the "Claim Form did not sufficiently demonstrate that the Takata Airbag Inflator Defect caused the Claimant's injuries" and the "Claim did not demonstrate delayed deployment of the PSAN airbag inflator by the SRS Electronic Control Unit or other evidence."

     The Claimant filed a timely appeal. This triggered a re-examination of the Claim file by an independent third-party Review Officer. The third-party Review Officer conducted a review and ultimately affirmed the Special Master's determination to deny the Claim on the merits. On March 23, 2021, the Special Master issued a notice of denial, stating that "[t]he evidence provided by the claimant, including photos of the crash scene,

airbag vehicle interior, and comparable airbag inflator units, did not demonstrate delayed deployment of the PSAN airbag inflator." The Special Master filed his Request for Ninth Distribution with the Court, and on June 11, 2021 Claimant filed an Objection. The Special Master considered Claimant's Objection anew and concluded that Claimant failed to provide any new information or evidence that satisfies the elements for eligibility for compensation as an aggressive deployment claim.

The Court then undertook a review of the process provided in this case and concluded that Claimant received the full extent of the due process afforded under the IRF's governance, as informed by the TDP. The Court overruled Claimant's Objection and approved the Special Master's determination that Claim 90 is ineligible for compensation from the IRF.

## STANDARD OF REVIEW

The Local Rules of the United States District Court for the Eastern District of Michigan provide the grounds on which a motion for reconsideration will be granted:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

- 4 -

L.R. 7.1(h)(3). A motion for reconsideration must be filed within 14 days after entry of the judgment or order. L.R. 7.1(h)(1). Claimant has filed a timely motion for reconsideration.

## ANALYSIS

A.  Court's Role in Reviewing Claims

Under the terms of the Rule 11 Plea Agreement between Takata and the United States, Takata pled to fraud affecting the property of the Original Equipment Manufacturers ("OEMs"). In addition, Takata agreed to pay $125,000,000 in restitution to compensate individuals who suffered or will suffer personal injury caused by the malfunction of its airbags. Plea Agreement 3.E.2.i. The Court recognized that individuals suffering personal injury or wrongful death because of Takata's defective PSAN inflators are not direct victims of the criminal wire fraud committed by Takata against the OEMs. As such, these individuals do not meet the definition of "victims" under either the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, or the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. Rather, these individuals hold a special status as "other persons" entitled to restitution by agreement under the terms of the Plea Agreement and made operational under 18 U.S.C. § 3663A(a)(3). *See* Restitution Order (ECF No. 24) (ordering "additional restitution in accordance with the Plea

Agreement, 18 U.S.C. § [] 3663A(a)(3)"); *see also* 18 U.S.C. § 3663A(a)(3) ("The court shall also order, if agreed to by the parties in a plea agreement, restitution to persons **other than the victim of the offense**.") (emphasis added); Order Granting Special Master's Request for Approval of the Revised Individual Restitution Fund Methodology (ECF No. 77) and Overruling Defendant's Objection (ECF No. 56), (ECF No. 78) (the "Revised IRF Methodology Order") ("Although individuals killed or injured by a Takata airbag are not necessarily entitled to restitution for Takata's crime of wire fraud under the Crime Victim Rights Act, the government made it a priority to afford these individuals some level of compensation").

Because the criminal plea was rooted in economic fraud against the OEMs, restitution was properly ordered under the MVRA, 18 U.S.C. § 3663A(c)(1)(A)(ii). However, restitution is not mandatory if the court finds that fact-finding or causation inquiries would burden the sentencing process. This may be the case where:

> (A) the number of identifiable victims is so large as to make restitution impracticable; or
>
> (B) determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

§ 3663A(c)(3). Congress recognized the burden placed on courts considering restitution after a criminal plea, and therefore provided courts with discretion to manage restitution, including the option of withholding restitution entirely:

> To the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order.

§ 3663(a)(1)(B)(ii).

This Court exercised its discretion in ordering restitution by establishing the IRF and approving procedures for the fair processing of claims by personal injury and wrongful death victims. As such, a claimant's rights are defined by and limited to the procedures set out in the Revised IRF Methodology Order and the Minutes Order, which provide multiple levels of due process and several opportunities for review and objection, but which do not provide for *de novo* review by the Court of any individual claim determination by the Special Master. *See* Minutes of July 25, 2019 Conference with Special Master, (ECF No. 110) (the "Minutes Order").

By order, the Court appointed the Special Master pursuant to 18 U.S.C. § 3664(d)(6), granting him the power to "establish, oversee, and

administer… [a restitution fund] for the individuals who suffered (or will suffer) personal injury caused by the malfunction of a Takata airbag inflator". *See* Restitution Order ¶ 6. The Minutes Order and the Revised IRF Methodology Order subsequently set out the procedures by which the Special Master will identify eligible victims and establish the valuation scheme for calculating restitution of such eligible victims.

Prior to issuing these orders, the Court reviewed each related motion *de novo*. Parties were afforded the opportunity to object to the motions prior to the Court's final orders as embodied in each of the Restitution Order, Minutes Order, and Revised IRF Methodology Order. As a result of this process, the Special Master acts pursuant to orders which were approved on a final basis by the Court to permit it to identify victims and award restitution thereto, not pursuant to 18 U.S.C. § 3664(d)(6). The approved orders provide for multi-layered due process, evidentiary review, disinterested appellate review, and ultimately district court review for compliance with that process. This is the balance struck by the Court so that restitution can be provided to "other persons" who suffer personal injury or wrongful death because of Takata's defective PSAN inflators, while allowing a complicated and fact-intensive process to move forward in an expeditious manner.

B.      <u>Mandatory Victims' Restitution Act</u>

Claimant bases his entitlement to reconsideration on the MVRA. However, as discussed at length above, the Court has already ruled as a factual and legal matter that the Claimant is not a victim of Takata's crimes for the purposes of the MVRA, and therefore, the IRF. There is no new evidence or unconsidered basis identified in the motion for reconsideration to disrupt this judgment.

C.      <u>No Change in Law, No New Evidence or Argument, No Defect</u>

Claimant next argues that the Special Master found only that delayed deployment had not been proven, and either waived or deemed proven the over-pressurization and enhanced injury elements of the aggressive deployment claim. This is the same argument Claimant raised in a previous objection considered by an independent third-party Review Officer and the Special Master. In addition, the argument is accompanied by the same "other evidence" previously submitted for review. At each stage of the review process, the determination was made that Claimant failed to satisfy the evidentiary requirements for delayed deployment and enhanced injury. Even if one were to assume that the over-pressurization evidence submitted satisfies the eligibility criteria of that element of the Claim, each element is an independent and necessary factor that must be supported by

evidence. None of the other evidence submitted by the Claimant was found to provide sufficient evidence demonstrating delayed deployment or enhanced injury caused by interaction with the airbag as it was deploying.

"To prevail on a motion for reconsideration, the moving party generally must demonstrate 'a palpable defect by which the court and the parties [were] misled ... [and] that correcting the defect will result in a different disposition of the case.'" *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981 (E.D. Mich. 2010) (*quoting* Local Rule 7.1(h)(3)). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest or plain. *Id.* (*quoting United States v. Cican,* 156 F.Supp.2d 661, 668 (E.D. Mich.2001)). Claimant has failed to point to any palpable defect by which the Court was misled.

D.  Relief requested

Claimant requests a Writ of Mandamus ordering the Trustee of the Takata Trust to reverse the denial of Claim No. 90 and award 5,000 points under the Trust Disbursement Procedures. This Court does not have jurisdiction to grant any awards from the "Takata Trust", which presumably refers to the Takata Airbag Tort Compensation Trust Fund formed out of the bankruptcy estates of TK Holdings Inc. and its affiliates. It appears that the Claimant has confused the IRF and the TATCTF, but as the motion for

reconsideration is denied, this error need not be cured or further addressed.

## CONCLUSION

For the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that Claimant's motion for reconsideration is DENIED.

Dated: October 26, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 26, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---